**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| v. | ) Crim. No. 1:19CR00350-001 |
| | ) Judge Leon |
| GARY L. PEKSA | ) Sentencing: 07/20/22 |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF SENTENCING

Defendant, Gary L. Peksa ("Mr. Peksa"), through undersigned counsel, hereby responds to the Presentence Report ("PSR"), and sets forth his position with respect to sentencing.

**1.  Objections To The Presentence Report.**

Mr. Peksa makes the following corrections to the Presentence Report ("PSR"). Regarding his physical health (PSR, Para. 80, p.17), Mr. Peksa has indefinite chronic anterior blepharitis. As a result, he needs to eye drops four (4) times a day.

Mr. Peksa uses and needs a mouth night guard for biting during sleep.

Mr. Peksa uses and needs inserts for his shoes, to address his planter fasciitis.

Mr. Peksa notes that on page 23 of the PSR, the PNC Money Market Savings Account consists entirely of assets of his wife, Elizabeth Peksa. He has provided documentation to the Probation Office to confirm that information.

The United States Sentencing Guidelines Offense Level is 29. The Offense Level is I.

2

**2. <u>Gary L. Peksa: History And Characteristics</u>.**

Pursuant to 18 U.S.C. Sec. 3553(a)(1), and *United States v. Booker*, 543 U.S. 220, 245 (2005), the Court should begin its analysis of sentencing by considering the history and characteristics of Mr. Peksa. *See Rita v. United States*, 551 U.S. 338, 364-365 (2007) (Stevens, J., concurring) ("Matters such as age, education, mental or emotional condition ... employment history ... family ties ... are not ordinarily considered under the Guidelines. They are, however, matters that Sec. 3553(a) authorizes the sentencing judge to consider.") (Citations omitted.)

**A. <u>Mr. Peksa's Educational Background</u>.**

Mr. Peksa is 56 years old. He graduated from high school, and from vocational school. (PSR, Para. 89, p. 21.)

**B. <u>Mr. Peksa's Employment</u>.**

Mr. Peksa's has been steadily employed since completing high school and vocational school. (PSR, Para. 97, p. 22.) Most recently, until his arrest in this case, he worked for the Architect of the Capitol. (PSR, Para. 94, p. 21.) Mr. Peksa worked as a sheet metal mechanic. (PSR, Para. 95, p. 21.)

**C. <u>Mr. Peksa's Lack Of Any Prior Criminal Record</u>.**

Mr. Peksa has no prior criminal convictions, and virtually no prior contact with the criminal justice system. (PSR, Paras. 59-64, pp. 13-14.)

Indeed, the Psychosexual Evaluation stated that Mr. Peksa

"scored 0 out of a possible 7 points [in testing] which is the lowest possible score and reflect a low-risk of re-offense." (PSR, Para. 86, p. 19.)

**D. <u>Mr. Peksa's Lack Of Substance Issues</u>.**

Mr. Peksa has no substance issues. (PSR, Para. 87, p. 20.)

**E. <u>Mr. Peksa's Acceptance Of Responsibility</u>.**

Mr. Peksa accepts full responsibility for his conduct in this case. He is sincerely and profoundly sorry for his actions. He entered a plea of guilty. "I admit to the fact that I was viewing these terrible things. I didn't stop to think about the underage children who were being abused by the people posting these images. In reality, I would never harm a child." (PSR, Para. 43, p. 12.) (*See* Gary L. Peksa Letter to the Court, Attachment 1.)

**F. <u>Mr. Peksa's Loving And Supportive Family</u>.**

Mr. Peksa is fortunate to have a loving and supportive family, and they will provide a strong support structure for Gary during his period of incarceration and after his release.

* Mr. Peksa has a wonderful wife, Elizabeth. She has stood by his side during this ordeal. Elizabeth will be there for Gary - always. (*See* Elizabeth Peksa Letter to Court, Attachment 1.)

* Judy Holop is Mr. Peksa's mother. She writes glowingly about her son. (*See* Judy Holop Letter to Court, Attachment 1.)

* Leo Peksa is Mr. Peksa's father. He writes in support of his son. (*See* Leo Peksa Letter to Court, Attachment 1.)

4

* Jody Clements is Mr. Peksa's sister. She notes that, with their parents at 82 (father) and 80 (mother), they may pass away while Gary is incarcerated. (*See* Jody Clements Letter to Court, Attachment 1.)

* Mary Clements is Mr. Peksa's mother-in-law. She speaks glowingly about Gary. (*See* Mary Clements Letter to Court, Attachment 1.)

* Dan Reap and Ron Bailey are co-workers of Mr. Peksa. Roberta Perok is a neighbor of Mr. Peksa. They all write in support of Mr. Peksa. (*See* Attachment 1.)

**3. The Legal Standard For Sentencing Under Sec. 3553(a).**

As set forth in the Plea Agreement, the parties have a right to advocate for a reasonable sentence. However, a "reasonable sentence" within the Advisory Guidelines range is not necessarily an appropriate sentence. While sentencing courts must consider the applicable Guidelines range, a sentencing court must also "tailor the sentence in light of other statutory concerns." *Booker*, 543 U.S. at 245 (citing 18 U.S.C. Sec. 3553(a)).

Sentencing courts enjoy greater latitude to impose alternative sentences that are also reasonable so long as they are tied to the Sec. 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 59 (2007) ("the Guidelines are not mandatory, thus the 'range of choice dictated by the facts of the case' is significantly broadened. Moreover, the Guidelines are only one of the factors to

5

consider when imposing a sentence, and Sec. 3553(a)(3) directs the [sentencing] judge to consider sentences *other than imprisonment*.") (Emphasis added.)

Further, pursuant to 18 U.S.C. Sec. 3553(a)(2), the sentencing court must impose a sentence that is minimally sufficient to achieve the goals of sentencing based on all of the Sec. 3553(a) factors present in the case. This "parsimony provision" serves as the "overarching instruction" of the statute. *See Kimbrough v. United States*, 552 U.S. 85, 111 (2007). *See also* Sec. 3553(a) ("[t]he court shall impose a sentence sufficient, *but not greater than necessary*, to comply with the purposes set forth in paragraph (2) of this subsection"). (Emphasis added.)

### 4. The Objectives Of Sec. 3553(a)(2) Can Be Met By A 60 Month Sentence.

This case presents a complex set of circumstances, calling for careful consideration by the Court. On one hand, Mr. Peksa's actions are very serious, and the harm to the victims is tragic.

On the other hand, the Court is presented with a 56 year old man with no prior convictions, a solid employment record, no substance issues, and a supportive family and friends.

Gary Peksa has led an exemplary life. The Defense submits to the Court that Gary Peksa is not a "criminal" in the general way we think of that word. Instead, Gary Peksa developed a psycho-sexual issue, that ultimately manifested itself in a terrible way.

6

As to the 3553(a) factors of seriousness of the offense, promoting respect for the law, just punishment, and deterrence to criminal conduct, the Court can fashion an incarcerative sentence of 60 months (the mandatory minimum), that sufficiently addresses all of these factors:

* Incarceration of 60 months; (Mr. Peksa reminds the Court that he has been on home detention since October 2019, or for 33 months);

Five (5) years is a long time, and is sufficient to meet the goals of Sec. 3553(a). A sentence of 87 to 108 months would be harsh and unnecessary to meet the goals of Sec. 3553(a).

* Supervised Release of (5) years; (Mr. Peksa will be under the supervision of the Court for 120 months);

* Mental Health treatment, therapy, and counseling as directed by the Probation Office;

* Waiver of any and all fines (Mr. Peksa will have to pay restitution to certain victims claims);

* Incarceration in Ohio, or alternatively, in FCI Cumberland, Maryland.

7

Respectfully submitted,

_____/S/_____
Peter L. Goldman, Esq.
DC Bar No. 416622
SABOURA, GOLDMAN & COLOMBO, P.C.
1800 Diagonal Road, Suite600
Alexandria, VA  22314
(703) 684-6476 (o)
(703) 647-6009 (f)
pgoldmanatty@aol.com
Counsel for Defendant
Gary L. Peksa


## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July, 2022, a copy of the foregoing Memorandum was sent via ECF to: AUSA Amy E. Larson, United States Attorney's Office for the District of Columbia, 555 4th Street, N.W., Washington, D.C. 20530, and to: USPO Kelli Willett, United States Probation Office, at Kelli_Willett@dcp.uscourts.gov.


_____/S/_____
Peter L. Goldman