**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIM. NO.: 1:19-CR-350(RJL)** |
| | : | |
| **GARY LEE PEKSA,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**SUPPLEMENTAL SENTENCING MEMORANDUM ON RESTITUTION**

The United States, by and through its counsel, the United States Attorney for the District of Columbia, hereby respectfully submits this supplemental sentencing memorandum on restitution and hereby moves this Honorable Court to enter an Order in this matter directing the Defendant, Gary Lee Peksa, to pay restitution consistent with the proposed order accompanying this memorandum.   The proposed restitution order comes complete with proposed judgment language, payment plan language, and victim information. The proposed payment-plan language tracks the requirements of 18 U.S.C. Section 2259, the Mandatory Victims Restitution Act (MVRA), and is consistent with the plea agreement in this case.

**DISCUSSION**

I.   **THE RESTITUTION ORDER**

The Court's analysis should begin with 18 U.S.C. §2259, which states that "notwithstanding section 3663 or 3663A, and in addition to any other civil or criminal penalty authorized by law, the court shall order restitution for any offense" under Chapter 110.  *See* 18 U.S.C. § 2259(a).  The order of restitution shall "direct the defendant to pay the victim …the full amount of the victim's losses."  18 U.S.C. § 2259(b)(1).  The "full amount of the victim's losses," may include any costs incurred by the victim for:

(A) Medical services relating to physical, psychiatric, or psychological care;
(B) Physical and occupational therapy or rehabilitation;
(C) Necessary transportation, temporary housing, and child care expenses;
(D) Lost income;
(E) Attorneys' fees, as well as other costs incurred; and
(F) Any other losses suffered by the victim as a proximate result of the offense.

18 U.S.C. § 2259(a), (b)(3); *see also United States v. Hite*, 113 F. Supp. 3d 91, 94 (D.D.C. 2015).

Restitution is also mandatory pursuant to 18 U.S.C. § 3663A, because the Receipt of Child

Pornography, the offense of conviction, is a crime of violence. *See* 18 U.S.C. § 3663A(c)(1)(A)(i).

Under 18 U.S.C. § 3664(f)(1)(A),[1] the Court "shall order restitution to each victim in the

full amount of each victim's losses as determined by the court and without consideration of the

economic circumstances of the defendant." Next:

> Upon determination of the amount of restitution ***owed to each***
> ***victim***, the court shall, pursuant to section 3572, specify in the
> restitution order ***the manner in which, and the schedule***
> ***according to which***, the restitution is to be paid…

18 U.S.C. § 3664(f)(2) (emphasis added). Pursuant to 18 U.S.C. § 2259, a court may not decline

to issue an order under "this section because of (i) the economic circumstances of the defendant;

or (ii) the fact that a victim has or is entitled to receive compensation….from another source." *See*

18 U.S.C. § 2259(4)(B).  The burden of proof of showing the amount owed to each victim falls on

the Government.  Prior to Sentencing, the Government submitted all of the documents supporting

each victims' request for restitution.  The total amount owed by the Defendant is $47,000.  During

the Sentencing hearing, the Defendant (through his counsel) indicated that they did not oppose this

amount, nor the Proposed Restitution Order drafted and submitted by the Government.

The Court has authority under 18 U.S.C. § 3664 to finalize its restitution order and set the

manner and schedule pursuant to which the Defendant should make restitution payments.

---

[1]  *See also* U.S. Sentencing Guidelines Manual § 5E1.1 (2013).

However, the Court has wide discretion, and may order payment of "a single, lump sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments." 18 U.S.C. § 3664(f)(3)(A).

### A. Inclusion of "Due Immediately"

By application and implication of statute, restitution orders should require the restitution payment to be "due immediately." *See* 18 U.S.C. § 3572(d)(1) (requiring defendant to "make such [restitution] payment immediately" unless the Court orders otherwise); § 3613(a) (providing for enforcement of restitution judgment in a manner similar to a civil judgment); § 3664 (f)(1(A) (requiring a restitution order in the full amount of the victim's losses). Such a requirement is particularly important in cases, like this one, involving mandatory restitution, pursuant to 18 U.S.C. §§ 3663A(b) and (c)(1). For these reasons, restitution judgments may be enforced in the same manner as any other judgment or sum certain due to the Government. *See* 18 U.S.C. § 3664(m)(1)(2)(A) (authorizing collection under the Federal Debt Collection Procedures Act and "all other available and reasonable means.").

Apart from these statutory provisions, which should not be nullified and effectively repealed by the imposition of a payment schedule, *see United States v. Wykoff*, 839 F. 3d 581 (7th Cir. 2016) (denying Defendant's attempt to avoid Government's writ of garnishment and limit restitution payments to 10% of monthly income); *United States v. Quam*, 127 F. Supp. 3d 999, 1002 (D. Minn. 2015) ("The $100 per month payment plan set forth in the Judgment did not bar further collection efforts by the government—including garnishment.") (citing cases), the bargain the Defendant struck in the plea agreement, by implication, authorizes this language.

Defendant expressly consented to immediate enforcement of his restitution obligation as a condition of his negotiated plea agreement. He agreed that any schedule of payments imposed by

3

the Court is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment, including without limitation by administrative offset. *See* Doc. 31 (Plea Agreement) at 9. For this reason, an order including language limiting the enforceability of the restitution order undercuts the terms of the Defendant's agreement with the United States. The Court should also include the language agreed to by the Defendant in the plea agreement in the restitution order.

It is important to the United States and to the administration of justice generally that the Court require restitution orders to be due immediately. It is well-known that Defendants in criminal cases endeavor to hide assets or protect them from levy to satisfy monetary penalties. Should the United States later discover hidden assets, through post-judgment discovery or otherwise, those assets should be immediately available for collection efforts without the need to modify the restitution order. Moreover, it certainly remains a distinct possibility that a Defendant who did not conceal or dissipate assets before or after sentencing could later experience a windfall through an inheritance or through some other means. The "due immediately" language, consistent with § 3664 (m)(1) and (n), makes it clear to everyone – especially the Defendant – that if the situation somehow arises that he has the ability to make payments in excess of a payment schedule, he has the obligation to do so.[2]

---

[2] Due immediately and due and payable immediately are two different concepts. "Due immediately" means that the full amount is entered as a judgment debt, whereas "due and payable immediately" means that the full amount is entered as the debt owed, and payment in full can be remitted. Courts often conflate these terms, but as set forth in *United States v. Bedonie*, the Court clearly outlines the distinction. 317 F. Supp. 2d 1285, 1332 (D. Utah 2004) ("The holdings of the Second, Third and Fifth Circuit's focus on whether restitution orders can properly be made payable immediately where the defendant lacks sufficient funds to pay. On the other hand, the Fourth and Seventh Circuits focus on making restitution due immediately, which permits collection efforts to proceed even though the sentencing court does not expect the defendant to pay in full"). In addition, the decisional landscape has changed, with the Tenth Circuit's seminal decision in *United States v. Martinez*, 812 F.3d 1200, 1201 (10th Cir. 2015), giving way to *United States v. Williams*,

As explained by the D.C. Circuit in *United States v. Khan*, 550 Fed. Appx. 2 (D.C. Cir.

2013) (unpublished),

> The district court's order that the restitution is "immediately payable," Pub. App.
> 106, has been construed to mean "payment to the extent that the defendant can
> make in good faith, beginning immediately." *United States v. Sensmeier*, 361 F.3d
> 982, 991 (7th Cir.2004); *see also United States v. Jackson–El*, 179 Fed. Appx. 147,
> 149 (3d Cir.2006); *United States v. Johnson*, 535 Fed. Appx. 245, 248 (4th Cir. July
> 24, 2013); *United States v. Buck*, 470 Fed. Appx. 304, 305 (5th Cir.2012); *Matheny
> v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002). ***Thus construed, it is not
> immediately obvious how the district court's restitution order affected Mr.
> Khan's "substantial rights."*** *See United States v. Sawyer*, 521 F.3d 792, 796 (7th
> Cir.2008) ("All that a 'due immediately' statement in a judgment does is command
> the defendant to discharge his obligations as quickly as possible."). But this case,
> in any event, presents no occasion to decide whether a defendant could ever show
> prejudice on account of a "due immediately" directive in a restitution order. *See
> id*. at 796–98 (***concluding that a "due immediately" directive in a restitution order
> does not affect a defendant's substantial rights***, but noting disagreement on the
> issue).

*Khan*, Op. at *4-5 (emphasis added).

Here, a review of the PreSentence Investigation Report ("PSR"), which was filed under

seal makes clear that the Defendant has assets, and therefore, he should be making payment in

good faith, beginning immediately.  Prior attempts by the Government to implement a payment

plan have been thwarted, because communication with defense counsel has led the Government to

believe that the Defendant is under the impression that he does not need to begin restitution

---

898 F.3d 1052 (10th Cir. 2018), involving a "due immediately" restitution order.  In *Williams*, the
appeals court upheld "the district court['s]… interpret[ation of] the restitution order to mean that
the total amount of restitution remains currently due under Provision A, with Provision F [(the
payment schedule)] providing only a secondary, back-up system for payments that cannot be made
now in accordance with Provision A. *Id*. at 1055.  The *Williams* court distinguished *Martinez*,
which involved a restitution order that did not require immediate payment, from cases that included
a due immediately order.  *See United States v. Behrens*, 656 F. App'x 789, 790 (8th Cir. 2016) (a
payment schedule set forth in the judgment did not preclude garnishment as an additional means
to collect the restitution judgment where the judgment specified that the amount owed was due in
full immediately); *United States v. Shusterman*, 331 F. App'x 994, 996–97 (3d Cir. 2009) (same).
*Cf. United States v. Hughes*, 813 F.3d 1007, 1011 (D.C. Cir. 2016) (Brown, J. concurring)
(Discussion of *Martinez* in the context of limited payment order).

payments until after he serves his period of incarceration. It is the Government's position that delaying restitution payments for several years violates the Crimes Victims' Rights Act, specifically, the victims' rights to full and timely restitution as provided in law. *See* 18 U.S.C. § 3771(a)(6). As such, the Government has included the additional language "due immediately" to be included in the Proposed Order of Restitution.

### B.  Payment Schedule During and After Incarceration

The United States is also proposing a provision requiring that Defendant Peksa pay "any wages [s]he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program [("IFRP")]." The proposed order would establish a defined formula, "during the period of incarceration, the defendant shall pay, at a minimum, the greater of $25 or 50% of the deposits in his inmate trust account per quarter." The Government understands that this formula tracks one that the Bureau of Prisons (BOP) IFRP currently uses. *See* 28 C.F.R. 545.11. Accordingly, this proposed language would allow Peksa to participate in the IFRP while incarcerated, under current BOP policy, and realize its incidental benefits, as well as pay restitution.

The United States proposes the following language: "Restitution shall be paid in full immediately. During the period of imprisonment, Defendant shall pay any amount not paid immediately at a rate, minimally, of the greater of $25 or 50% of the deposits in her inmate trust account per quarter. After imprisonment, Defendant shall pay any amount not paid immediately at the monthly rate of at least $1000.00, plus 25% of gross monthly income in excess of $2,300. The Court will further assess Defendant's ability to pay following her release from imprisonment. If the Defendant has no steady income, then he should pay a nominal amount per month depending on her financial ability to pay as determined by the Court." Such an approach to a payment schedule – an immediate obligation to pay in full, with a fail-safe payment schedule, should the

defendant not be able to make a full payment – is the subject of the court's decision in *United States v. Overholt*, 307 F.3d 1231 (10th Cir. 2002). The court there affirmed the district court's sentence, requiring "payment in full immediately" or as scheduled in prison or by probation, but found the failure to establish a payment schedule during imprisonment problematic and remanded to correct that problem. *Id*. at 1254-56. Thus, the "due immediately" language and proposed schedule for payments in prison are consistent with the most that the MVRA requires in structuring a restitution order.[3]

WHEREFORE, the United States submits that the Court should adopt its restitution order as proposed. The proposed restitution order accompanies this motion.

Respectfully submitted,

MATTHEW GRAVES
United States Attorney

Dated:  August 3, 2022

_____/s/_____

Amy E. Larson
Assistant United States Attorney
601 D. Street, N.W.
Washington, D.C. 20530
(202)252-7863
Amy.larson2@usdoj.gov

---

[3] The D.C. Circuit has not joined the majority of other Circuits finding error with the district court's delegation of authority to the BOP to establish a payment schedule during imprisonment. Although the D.C. Circuit has not ruled on the issue, it has concluded twice that such an approach was not plain error. *See United States v. Hunter*, 786 F.3d 1006, 1012-13 (D.C. Cir. 2015) (discussing *United States v. Baldwin*, 563 F.3d 490 (D.C. Cir. 2009)). The D.C. Circuit, it appears, has not gone so far as to hold that a payment schedule is unnecessary during imprisonment, as has the Seventh Circuit. *See United States v. Butera*, 310 F. App'x 27, 28 (7th Cir. 2009) (unpublished).

8