**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES** | ) |
| | ) |
| v. | ) 1:19cr00350 |
| | ) Judge Leon |
| **GARY L. PEKSA** | ) |
| | ) |

**DEFENDANT PEKSA'S OPPOSITION TO GOVERNMENT'S**
**SUPPLEMENTAL MEMORANDUM ON RESTITUTION**

Defendant, Gary L. Peksa, through undersigned counsel, hereby files his Opposition to the Government's Supplemental Sentencing Memorandum on Restitution. (ECF 44.) As grounds for this Opposition, Mr. Peksa states as follows:

### I. THE PROBATION OFFICE HAS INFORMED THE GOVERNMENT ABOUT STANDARD RESTITUTION PROCEDURES.

On July 20, 2022, this Court sentenced Mr. Peksa to 96 months of incarceration. On July 21, 2022, the Government raised the issue of a restitution schedule with the defense and the Probation Office via email.

On July 22, 2022, Probation Officer Willett wrote to the Government. "I believe the judge said at sentencing that the payment schedule would be developed by USPO once [Mr. Peksa] commences his term of Supervised Release - that is common. Nonetheless, the BOP will likely take some portion of his prison earnings and/or money in his prison commissary account which would be applied to the restitution. From my understanding, that amount is determined by the case manager in consultation with the

defendant." (July 22, 2022 PO Kelli Willett email to AUSA Amy Larson, Attachment 1.)

The Government did not accept the Probation Office's position on restitution. On July 22, 2022, PO Willett sent the following email to AUSA Larson. "I am forwarding you a copy of the BOP Inmate Financial Responsibility policy statement. It explains how the BOP makes determinations regarding the payments amounts for financial obligations for inmates with pending financial obligations. Hopefully it better explains those mechanisms." (July 22, 2022 PO Kelli Willett email to AUSA Amy Larson, Attachment 1; *see* BOP Program Statement, Attachment 2.)

II.  **THE AUTHORITY CITED BY THE GOVERNMENT DOES NOT SUPPORT THE RELIEF SOUGHT.**

In its Supplemental Memorandum, the Government initially reviews statutory and case authority about the payment of restitution. Pages 1 and 2 of Government's Supplement merely reiterate that restitution has to be paid.

The Government then suggests to this Court that restitution is "due immediately", or must be paid immediately. However, the Government plainly stretches or manipulates the statutory and case authority to argue that a defendant must pay restitution immediately. This position is not supported by the authority, and as PO Willett tried to explain to the Government, the BOP has a procedure for the payment of financial obligations by defendants.

The Government argues "[b]y application and implication of

2

statute..." restitution must be paid immediately "unless the Court orders otherwise". (Supplement, p. 3.) *See United States v. Wykoff*, 839 F.3d 581 (7th Cir. 2016) (defendant could not avoid writ of garnishment; payment of just 10% of income); *United States v. Quam*, 127 F.Supp.3d 999 (D. Minn. 2015) ($100/month payment plan rejected).

The Government, without the benefit of citation to any authority, spins its own theory that "[i]t is well known that Defendants in criminal cases endeavor to hide assets...." (Supplement, p. 4.)[1] Thus, the Government asks the Court to act on "well known" theories. The Court should reject acting on the Government's theorizing.

Moreover, the Government's citing of *United States v. Khan*, 550 Fed. Appx. 2 (D.C. Cir. 2013) makes the point that the Court, the Probation Office, and Mr. Peksa make - restitution or payment should commence "to the extent that the defendant can make in good faith...." Mr. Peksa will be incarcerated for the next 96 months.

WHEREFORE, Mr. Peksa requests that the Court deny the Government's requested relief regarding restitution.

---

[1] The Government's theorizing continues. 'Moreover, it certainly remains a distinct possibility that a Defendant who did not conceal or dissipate assets before or after sentencing could later experience a windfall through inheritance or through some other means.'

Mr. Peksa is going to experience a 'windfall' while incarcerated for 96 months?

Respectfully submitted,

_____/s/_____
Peter L. Goldman, # 416622
SABOURA, GOLDMAN & COLOMBO, P.C.
1800 Diagonal Road, #600
Alexandria, Virginia 22314
(703) 684-6476 (o)
(703) 647-6009 (f)
pgoldmanatty@aol.com
Counsel for Defendant
Gary L. Peksa

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of September, 2022, a copy of the foregoing Opposition was sent via ECF, to: AUSA Amy E. Larson, United States Attorney's Office, 555 4th Street, N.W., Washington, D.C. 20530.

_____/s/_____
Peter L. Goldman