UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIM. NO.: 1:19-CR-350(RJL) |
| | : | |
| GARY LEE PEKSA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION
REGARDING PAYMENT OF RESTITUTION**

The United States, by and through its counsel, the United States Attorney for the District of Columbia, hereby respectfully submits this Reply to the Defendant's Opposition Regarding Payment of Restitution. The Defendant has been ordered to pay $47,000 in restitution, which is due immediately. By insisting that he does not need to make any payments during his eight-year period of incarceration, the Defendant is in breach of his Plea Agreement. As such, the Government requests that this Court sign the proposed Restitution Order that the Government submitted to the Court on August 3, 2022. *See* ECF No. 44.

. I. **By Refusing to Pay Restitution, the Defendant is in Breach of his Plea Agreement.**

[A] plea agreement is a contract," and "courts will look to principles of contract law to determine whether a plea agreement has been breached." *United States v. Jones,* 58 F.3d 688, 691 (D.C.Cir.), *cert. denied,* 516 U.S. 970, 116 S.Ct. 430, 133 L.Ed.2d 346 (1995); *see also Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (applying contract analysis to plea agreement). *United States v. Ginyard,* 215 F.3d at 86-88 (same); *United States v. Gottesman,* 122 F.3d at 152 (same). Because plea agreements are contracts, the Court cannot simply ignore the language of a plea agreement. Instead, the Court is bound by the language of the agreement as drafted by the government and agreed to by the parties. *See United States v.*

*Gottesman,* 122 F.3d at 152 (plea agreements, like contracts, are instruments used to protect the rights and expectations of parties."); *United States v. Randle,* 324 F.3d at 558 (court must "rely on what the parties have included in their written contract).

To be valid, a plea agreement must encompass 'a meeting of the minds on all of its essential terms.'" *United States v. Randle,* 324 F.3d 550, 558-59 (7th Cir.2003) (citation and quotations omitted). Each party, then, "is entitled to the benefit of its bargain." *United States v. Anderson,* 491 F. Supp. 2d 1, 10 (D.D.C.2007).

By signing the Plea Agreement, the Defendant stated that he understood and agreed that the restitution order imposed by the Court was due and payable immediately and subject to immediate enforcement by the United States. *See* ECF No. 31 (Plea Agreement) at 9. He agreed that any schedule of payments imposed by the Court is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment, including without limitation by administrative offset. *Id.* He also agreed to participate in BOP's Inmate Financial Responsibility Program. *Id.* Therefore, the Defendant has waived his right to request that he not be required to pay restitution until his term of supervised release commences.

"'Federal courts have no inherent power to order restitution. Such authority must be conferred by Congress through statute.'" *United States v. Gottesman,* 122 F.3d 150, 151 (2d Cir.1997) (quoting *United States v. Helmsley,* 941 F.2d 71, 101 (2d Cir.1991)); *see also United States v. Wells,* 177 F.3d 603, 608 (7th Cir.1999). In this case, the Defendant pled guilty to a trafficking in child pornography offense. *See* 18 U.S.C. §2252(a)(2), the Knowing Receipt of Child Pornography. As such, restitution is mandatory. *See* 18 U.S.C. § 2259. The plain language of the Plea Agreement indicates that the restitution imposed and ordered was due immediately,

and that the Government could seek immediate enforcement of the Order.  *See* ECF No. 31.  The Government is doing so now.   Just as the Defendant is entitled to the benefit he received through accepting the Plea Agreement, the Government too has the right to the benefit of its bargain.  *United States v. Anderson,* 491 F. Supp. 2d 1, 10 (D.D.C.2007).

      WHEREFORE, the United States submits that the Court should adopt its restitution order as proposed on August 3, 2022.  *See* ECF No. 44.

Respectfully submitted,

MATTHEW GRAVES
United States Attorney

Dated:  September 15, 2022

                                               /s/
Amy E. Larson
Assistant United States Attorney
601 D. Street, N.W.
Washington, D.C. 20530
(202)252-7863
Amy.larson2@usdoj.gov